WILLIAM H. DEERING vs. CITY OF SACO.

York. Decided June 25, 1878.

*Arbitration.*

The submission recited that the parties "do hereby submit all demands, claims and accounts which the said Wm. H. Deering (plaintiff) has against the city of Saco, on account of the construction of said Gooch street bridge, or growing out of, or resulting from the same in any way," etc. *Held*, that the claim was sufficiently specified and signed and being incorporated into the submission was "annexed," in compliance with R. S., c. 108, § 2; and also *Held*, that not having raised the question of specification, signing and annexation of the claim, before the referees, the defendant waived the objection.

The fact that the contract submitted was in contravention of R. S., c. 3, § 29, was raised before the referees. The submission was unconditional. *Held*, that in the absence of any suggestion tending to impugn the integrity of the tribunal selected by the parties, their decision was final.

ON EXCEPTIONS.

ASSUMPSIT against the city for the plaintiff's services in building a bridge.

The plaintiff first presented to the city this bill: " 1874. For labor and materials furnished in building Gooch street bridge, between Saco and Biddeford, $2,950." He then brought an action thereon in the S. J. court, after which the parties referred the plaintiff's claim to three referees selected in accordance with a vote of the city council of Saco. The submission was of "all demands, claims and accounts which the said William H. Deering has against the city of Saco, on account of the construction of the Gooch street bridge, so called, in said Saco, or growing out of, or resulting from the same in any way," to referees named (" which claim is hereto annexed) ; the said Deering hereby agreeing to withdraw his suit now pending in the S. J. court upon this claim submitted to the referees, and that said suit shall be entered neither party."

The referees awarded the plaintiff $3,264.17 and costs, and returned their award to the S. J. court, to the acceptance of which the defendants filed objections.

" I. Because a specific demand only was submitted by the plaintiff to the referees, and the same was not signed by said plaintiff as required by R. S., c. 108, § 2.

" II. Because the plaintiff, at the time of making the contract, and at the time of furnishing the materials and labor, and building the bridge, was a member of the government of the city, duly selected, qualified, and acting as such for the political year commencing March 2d, 1874, which fact of being an alderman was set forth in the brief statement of the defendant, and admitted by the plaintiff on the hearing before the referees. And the contract was made in violation of R. S., c. 3, § 29, and was void, and the plaintiff is not entitled to recover."

The exceptions state : " Upon the hearing of the objections the presiding justice finds, as matters of fact, that Wm. H. Deering was an alderman of the city of Saco, and that while such, he contracted to build and actually built the bridge named in the submission, and that such facts were proven before the referees under the pleas filed by the defendants at the trial before them. The

evidence to show such facts in this court was admitted against the objection of the plaintiff. But notwithstanding the objections of the defendants to the report and such findings by the presiding jus-tice, the report was by him ordered to be accepted and judgment entered up thereon." And the defendants alleged exceptions.

*H. H. Burbank,* city solicitor, for the defendants.

I. A specific demand only was submitted to the referees by plaintiff, which demand was not signed by the party making it. This is a statute reference, and, to give the tribunal jurisdiction, must be strictly complied with. The statute (c. 108, § 2) contem-plates but two classes of demands, viz : "All demands between the parties," and "specific demands." The case at bar evidently does not fall within the former class ; it must come within the latter. *Woodsum* v. *Sawyer,* 9 Maine, 15. *Harmon* v. *Jennings,* 22 Maine, 240. *Pierce* v. *Pierce,* 30 Maine, 113. *Wood* v. *Holden,* 45 Maine, 374. *Mansfield* v. *Doughty,* 3 Mass. 398. *Abbott* v. *Dexter,* 6 Cush. 108.

This not being a reference under rule of court, the law of waiver of jurisdiction, or of insufficient pleadings, does not attach.

II. The contract, under which plaintiff claims to recover, was, and is, void, he being an alderman of defendant city at its execu-tion, and party thereto. R. S., c. 3. § 29. *Greene* v. *Godfrey,* 44 Maine, 25. *Hathaway* v. *Moran,* Id. 67. *Andrews* v. *Mar-shall,* 48 Maine, 26. *Robinson* v. *Barrows,* Id. 186.

*R. P. Tapley,* for the defendants, admitted that the contract between the alderman and the city was void, but contended that the matter was left as if no contract had been made and the plain-tiff could recover on a *quantum meruit.*

VIRGIN, J. The defendants contend that a specific demand only was submitted, and that it was not signed by the plaintiff as required by R. S., c. 108, § 2.

Our opinion is that the demand was specified in the submission itself, wherein the parties declare that, they " do hereby submit all demands, claims and accounts which the said William H. Deer-ing has against said city of Saco, on account of the construction of

said Gooch street bridge, or growing out of or resulting from the same in any way, to," etc.

The " original bill " presented by Deering to the city, Dec. 7, 1874, a " true copy " of which is certified by the city clerk, was not intended by Deering nor understood by the defendants, to be the demand submitted. That was simply "for labor and materials furnished in building the bridge." It came into the case as a part of the record of the city government and not as a demand annexed to the submission. Whereas the claim submitted included much more. And as the demand submitted is specified in the submission and the submission is signed by the plaintiff, the demand is signed.

If this were doubtful, the defendants knew and fully understood at the hearing before the referees that, no specific demand signed by the plaintiff was literally annexed to the submission ; and we have the high authority of Whitman, C. J., in *Harmon* v. *Jennings*, 22 Maine, 240, 242, for declaring that the question not having been raised before the referees, it cannot be entertained now. See also the recent case of *Raymond* v. *Co. Commissioners*, 63 Maine, 110, which we think is decisive of the principle involved in this objection.

The second objection is that, the plaintiff having been one of the aldermen of the city of Saco when he made and performed the contract, the award in his favor is in contravention of R. S., c. 3, § 29. This fact was pleaded before the referees. The parties voluntarily dismissed their action from the docket of the court, and selected another tribunal to which they submitted the whole subject matter of contention, both law and fact.

The submission contained no restriction upon the powers of the referees. The referees save no question for the court to decide ; but they have done what they were selected by the parties to do, decided the whole case. Whether they have decided the law of the case as it would have been decided by the court, we have no occasion to inquire. It is sufficient for us to know that the parties make no suggestion tending to impugn the integrity of their tribunal, which unanimously arrived at the conclusion promulgated by their award.

This rule is sustained by numerous decisions of this court, among which are *Portland Manf. Co.* v. *Fox,* 18 Maine, 117. *Brown* v. *Clay,* 31 Maine, 518. *Morse* v. *Morse,* 62 Maine, 443. *Mitchell* v. *Dockray,* 63 Maine, 82.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, PETERS and LIBBEY, JJ., concurred.